**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2491

_____

UNITED STATES OF AMERICA

v.

MICHAEL EUGENE SHIPE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(May 9, 2012, at 1:01-CR-00351)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 11, 2013

Before: SCIRICA, AMBRO, and FUENTES, Circuit Judges.

(Opinion Filed:  January 18, 2013)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Michael Eugene Shipe's attorney has filed a motion to withdraw as counsel

pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that there is no merit-

worthy basis for altering the District Court's decision to impose an aggregate sentence of

1

30 months.  We agree.  Accordingly, we will grant the motion to withdraw and affirm the sentence.

## I.

Because we write primarily for the parties, we set forth only those facts and procedural history relevant to our conclusion.   On March 5, 2002, Michael Eugene Shipe ("Shipe") pled guilty to a superseding information, charging him with two counts of interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1953(a)(3).  On October 2, 2002, the District Court imposed consecutive 60-month terms of incarceration on each of the counts for an aggravated sentence of 120 months followed by concurrent three-year terms of supervised release.

On April 2, 2010, Shipe began serving his supervised release term.  On March 3, 2011, Shipe was arrested and charged with possession with the intent to deliver a controlled substance.  On September 1, 2011, Shipe was arrested again for aggravated assault, escape, fleeing, and eluding a police officer, reckless endangerment, and possession of controlled substances.  Shipe was convicted in the Cumberland County, Pennsylvania, Court of Common Pleas of possession of a controlled sentence with the intent to deliver, fleeing, and eluding a police officer, and reckless endangerment, and received a two to four-year term of imprisonment.  On May 9, 2012, the District Court held a revocation of supervised release hearing and revoked Shipe's supervised release. The District Court imposed consecutive 15-month sentences on each of the supervised release terms for an aggregate sentence of 30 months, which are to be served consecutive to Shipe's sentence for the state charges.

## II.

We have jurisdiction to review this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Under Anders, a criminal defendant's appeal may be dismissed on the merits and counsel for the defendant may withdraw if, after a "conscientious" examination of the case, counsel finds that the appeal presents no issue of arguable merit. Anders, 386 U.S. at 744. "If the [appellate] panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a).

Our review of an Anders motion is twofold. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). We consider, first, whether counsel has adequately fulfilled our local appellate rule's requirements and, second, whether there are any non-frivolous issues on appeal after an independent review of the record. Id. We are guided in our review of the record by the Anders brief itself when the brief appears adequate on its face. Id. at 301.

Shipe's counsel submits that he has reviewed the record from the revocation of release proceeding and has not been able to identify any non-frivolous issues. Counsel also submits that he has sought input from Shipe and prior counsel regarding any potential merit-worthy arguments for appeal and has found none. Counsel has identified three possible issues for appeal: (1) the District Court lacked jurisdiction over the supervised release revocation hearing; (2) the proof underlying the supervised release revocation is inadequate; and (3) the sentence was unreasonable. Counsel's Anders brief adequately addresses why each of these issues is frivolous, and our independent review of the record confirms this finding.

3

First, the District Court had subject matter jurisdiction pursuant to 18 U.S.C.

§§ 3231, and was authorized to revoke a term of supervised release under 18 U.S.C. §

3583(e). Second, there are no meritorious issues regarding the adequacy of proof of the

supervised release violations. A district court must find that a defendant violated the

conditions of supervised release based on the preponderance of the evidence. 18 U.S.C.

§ 3583; United States v. Maloney, 513 F.3d 350, 354 (3d Cir. 2008). Shipe admitted to

the violations of his supervised release conditions at his sentencing hearing. Therefore,

there is no merit with respect to this issue.

Finally, the revocation sentence imposed by the District Court is reasonable. We

will not disturb a sentence imposed by the District Court unless it is "plainly

unreasonable." United States v. Blackstone, 940 F.2d 877, 894 (3d Cir. 1991). We

review a sentence for reasonableness with respect to the factors set forth in 18 U.S.C. §

3553(a). United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). The Probation

Office prepared a dispositional report in connection with the revocation of Shipe's term

of supervised release, noting that his advisory imprisonment range would be 30 to 37

months. The District Court revoked Shipe's supervised release and imposed an aggregate

sentence of 30 months.

At the revocation hearing, Shipe's counsel requested that the District Court impose

a sentence that was lower than the 30 to 37 months range because the recent amendments

to the guidelines from the Fair Sentencing Act of 2010 would have lowered the

applicable guideline range at Shipe's initial sentencing. Because Shipe was unable to

receive any benefit from those amendments because he had already completed his initial

4

prison term, his counsel requested a sentence below the advisory range to account for the additional time that Shipe seemed to have served in excess. The District Court acknowledged this request but declined to grant it, finding that Shipe was not in prison at the time of the amendments; there was no way to qualify the application of the amendments in these circumstances; and, based on the drug quantities involved in the underlying convictions, his sentence would have remained within the amended guidelines range.

We are satisfied that the District Court considered Shipe's arguments in attempting to reduce his sentence. In balancing the factors under 18 U.S.C. § 3553(a), the District Court chose to give greater weight to the fact that Shipe continued criminal activity while on release, thereby committing a breach of trust and presenting a continued threat to society. For these reasons, we hold that the sentence imposed by the District Court was reasonable and any possible issues with respect to Shipe's revocation sentence are frivolous.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.